UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LOUIS RODRIGUEZ

                            Plaintiff,                      Index No. 25-cv-9566

    *-against-*

                                                                     **COMPLAINT**

CITY OF NEW YORK,
POLICE OFFICERS JOHN DOE #1-3,             Plaintiff Demands Trial by Jury

                          Defendants.
-----------------------------------------------------------X

       Plaintiff, LOUIS RODRIGUEZ, by and through his attorney, Alexis G. Padilla, complaining of the defendants, CITY OF NEW YORK and POLICE OFFICERS JOHN DOE #1-3, upon information and belief, alleges the following:

## PRELIMINARY STATEMENT

      1.      This is a civil rights action in which the plaintiff, LOUIS RODRIGUEZ, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

      3.      Venue in this District is proper under 28 U.S.C. § 1391(b)(2) in that the events giving rise to this claim occurred within the Southern District of New York.

1

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff LOUIS RODRIGUEZ is a citizen of full age and a resident of Bronx County, State of New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant POLICE OFFICERS JOHN DOE #1-3 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants POLICE OFFICERS JOHN DOE #1-3 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacities.

## STATEMENT OF FACTS

8. On or about January 19, 2025, at approximately 10:30 P.M., plaintiff was lawfully present inside of the grocery store located at 2660 Third Avenue in the Bronx, when he was approached by defendant Police Officers John Doe #1-3.

9. The officers demanded to search a fanny pack that was clipped around plaintiff's chest.

10. Plaintiff protested that he was not breaking any laws and that the officers had no cause to stop him or search his bag.

11. Plaintiff attempted to leave the store but as he was exiting, defendant Police Officer John Doe #1 grabbed him by his right arm at the same time that defendant Police Officer John Doe #2 grabbed his left arm. The two defendant officers then lifted plaintiff off the ground, causing plaintiff to experience extreme pain in his right shoulder.

12. As Police Officers John Doe #1 and #2 lifted plaintiff and carried him out of the store, defendant Police Officer John Doe #3 unclipped the fanny pack from around plaintiff's chest and searched it.

13. Plaintiff was then placed in handcuffs.

14. As plaintiff was being detained outside the store, defendant Police Officer John Doe #1 entered plaintiff's vehicle, which was parked directly in front of the store, and conducted a search which resulted in damage to the interior of the vehicle.

15. After both the search of plaintiff's fanny pack and his vehicle resulted in no contraband being found, the officers uncuffed plaintiff and released him.

16. Plaintiff sought medical attention the next day and was diagnosed with a right shoulder strain.

17. At no time during the events described above did plaintiff commit any act for which the force deployed by the defendant officers would be a reasonable response.

18. At no time during the events described above did the defendants have any legal right or justification to detain plaintiff, search through his fanny pack or conduct a search of his vehicle.

19. As a result of the illegal use of force by the defendants, plaintiff did suffer physical injury, specifically to his right shoulder.

20. As a result of the illegal use of authority, plaintiff was subjected to an unreasonable search and seizure of his person, in violation of his rights under the Fourth Amendment to the United States Constitution.

## AS FOR A FIRST CAUSE OF ACTION

***ILLEGAL SEARCH AND SEIZURE as against defendant POLICE OFFICERS JOHN DOE #1-3 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983***

21. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

22. At all times during the events described above defendants lacked probable cause to detain plaintiff, to search his belongings or to search his vehicle.

23. All of the aforementioned acts of defendants Police Officers John Doe #1-3 were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

26. The arrest complained of resulted in plaintiff's unlawful loss of liberty and in the violation of his right to be free from unreasonable search and seizure.

27. At all times relevant, each of the defendant Police Officers John Doe #1-3 had a duty to intervene and put a stop to plaintiff's unconstitutional detention and the subsequent searches of his belongings and vehicle.

28. Each of the defendant Police Officers John Doe #1-3 had an opportunity to intervene in plaintiff's unlawful detention and the unlawful searches that ensured, yet each of the defendant officers failed to do so, in violation of their constitutional duty.

29. The acts and omissions complained of deprived plaintiff of his right to be free from unreasonable search and seizure.

## AS FOR A SECOND CAUSE OF ACTION

***Excessive Force as against defendant POLICE OFFICERS JOHN DOE #1-3 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983***

30. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

31. At all times during the events described above defendants Police Officers John Doe #1-3 lacked probable cause to use force against plaintiff.

32. All of the aforementioned acts of defendants were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

35. At all times complained of, the defendants had an obligation to intervene and put a stop to the use of excessive force and each of them failed to do so.

36. The acts complained of resulted in pain and injury to plaintiff.

37. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A THIRD CAUSE OF ACTION

***Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK***

38. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

39. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

40. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

41. At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force and authority as described in this Complaint.

42. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful policies, practices and customs complained of herein demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: November 17, 2025
       New York, NY

By:     /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP7400]
*Attorney for Plaintiff*
*Louis Rodriguez*
378 Lewis Ave. #6
Brooklyn, NY 11233
Tel.: (917) 238-2993
alexpadilla722@gmail.com